UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOSHUA WONG, for himself and all others
similarly situated,                                    17-cv-03133(ER)(JCF)

                       Plaintiff,                 **ANSWER TO FIRST**
                                                                       **AMENDED COMPLAINT**

       -against-

ALTERNATIVE CLAIMS MANAGEMENT, LLC,

                       Defendant.
------------------------------------------------------------------X

      Defendant Alternative Claims Management, LLC ("ACM"), by its attorneys, TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP, as and for its Answer to plaintiff's First Amended Complaint, alleges as follows:

      1.     Denies the allegations contained in paragraph "1" of the Amended Complaint.

      2.     Denies any allegations of fact contained in paragraph "2" of the Amended Complaint, and states that to the extent that such allegations constitute conclusions of law, defendant makes no answer save to demand strict proof thereof, and respectfully refers all questions of law to this Honorable Court.

      3.     Denies any allegations of fact contained in paragraph "3" of the Amended Complaint, denies knowledge or information sufficient to form a belief as to plaintiff's residence, and states that to the extent that such allegations constitute conclusions of law, defendant makes no answer save to demand strict proof thereof, and respectfully refers all questions of law to this Honorable Court.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Amended Complaint, except respectfully refers all questions of law to this Honorable Court.

5. Admits the allegations contained in paragraph "5" of the Amended Complaint.

6. Denies the allegations contained in paragraph "6" of the Amended Complaint.

7. Denies the allegations contained in paragraph "7" of the Amended Complaint as characterized, and admits that ACM's clients include car rental companies, on behalf of which ACM seeks to recover for damage to rental cars through both telephone and the mail.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Amended Complaint, except admits that ACM was so informed by Sixt.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Amended Complaint, except admits that ACM was so informed by Sixt, and respectfully refers the Court to its website as best evidence of its content.

10. Denies knowledge or information to form a belief as to the truth of the allegations contained in paragraph "10" of the Amended Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Amended Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the Amended Complaint, except respectfully refers the Court to the referenced email as best evidence of its contents, intent and purport.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the Amended Complaint, and respectfully refers the Court to Exhibit A to the Amended Complaint as best evidence of its contents, intent and purport.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Amended Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Amended Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Amended Complaint.

19. In response to the allegations contained in paragraph "19" of the Amended Complaint, respectfully refers the Court to Exhibit B to the Amended Complaint as best evidence of its contents, intent and purport.

20. Denies the allegations contained in paragraph "20" of the Amended Complaint as characterized, admits the March 28, letter was the first letter that ACM sent to plaintiff and respectfully refers all questions of law to the Court.

21. Denies the allegations contained in paragraph "21" of the Amended Complaint as characterized, except admits that the March 28, 2017 letter contains language indicating that ACM was attempting to collect a debt due to its client, Sixt, and respectfully refer the Court to such letter as best evidence of its contents, intent and purport.

22. Denies the allegations contained in paragraph "22" of the Amended Complaint, except respectfully refers this Honorable Court to the referenced documents as best evidence of their contents, intent and purport.

## CLASS ACTION ALLEGATIONS

23. No response is required to the allegations contained in paragraph "23" of the Amended Complaint, as Count II, which was the sole claim asserted on behalf of a purported class, was dismissed by order of this Court dated November 21, 2017. The allegations are nonetheless denied.

24. No response is required to the allegations contained in paragraphs "24" of the Amended Complaint, as Count II, which was the sole claim asserted on behalf of a purported class, was dismissed by order of this Court dated November 21, 2017. Nonetheless, denies that class certification would be appropriate herein and otherwise denies knowledge or information sufficient to form a belief as to the allegations of fact contained in such paragraph.

25. No response is required to the allegations contained in paragraph "25" of the Amended Complaint, as Count II, which was the sole claim asserted on behalf of a purported class, was dismissed by order of this Court dated November 21, 2017. The allegations are nonetheless denied.

## AS AND FOR A RESPONSE TO COUNT ONE

26. In response to the allegations contained in paragraph "26" of the Amended Complaint repeats and realleges the responses to the allegations contained in paragraphs "1" through "25" of the Amended Complaint as if fully set forth herein.

27. Denies the allegations contained in paragraph "27" of the Amended Complaint.

28. Denies the allegations contained in paragraph "28" of the Amended Complaint.

29. Denies the allegations contained in paragraph "29" of the Amended Complaint.

30. Denies the allegations contained in paragraph "30" of the Amended Complaint.

31. Denies the allegations contained in paragraph "31" of the Amended Complaint.

32. Denies the allegations contained in paragraph "32" of the Amended Complaint.

## AS AND FOR A RESPONSE TO COUNT II

33. In response to the allegations contained in paragraph "33" of the Amended Complaint, repeats and realleges the responses to paragraphs "1" through "32" of the Amended Complaint as if fully set forth herein.

34. No response is required to the allegations contained in paragraph "34" of the Amended Complaint as Count II was dismissed by order of this Court dated November 21, 2017. The allegations are nonetheless denied.

35. No response is required to the allegations contained in paragraph "35" of the Amended Complaint as Count II was dismissed by order of this Court dated November 21, 2017. The allegations are nonetheless denied.

36. No response is required to the allegations contained in paragraph "36" of the Amended Complaint as Count II was dismissed by order of this Court dated November 21, 2017. The allegations are nonetheless denied.

37. No response is required to the allegations contained in paragraph "37" of the Amended Complaint as Count II was dismissed by order of this Court dated November 21, 2017. The allegations are nonetheless denied.

38. No response is required to the allegations contained in paragraph "38" of the Amended Complaint as Count II was dismissed by order of this Court dated November 21, 2017. The allegations are nonetheless denied.

39. No response is required to the allegations contained in paragraph "39" of the Amended Complaint as Count II was dismissed by order of this Court dated November 21, 2017. The allegations are nonetheless denied.

40. No response is required to the allegations contained in paragraph "40" of the Amended Complaint as Count II was dismissed by order of this Court dated November 21, 2017. The allegations are nonetheless denied.

41. No response is required to the allegations contained in paragraph "41" of the Amended Complaint as Count II was dismissed by order of this Court dated November 21, 2017. The allegations are nonetheless denied.

42. No response is required to the allegations contained in paragraph "42" of the Amended Complaint as Count II was dismissed by order of this Court dated November 21, 2017. The allegations are nonetheless denied

## AS AND FOR A RESPONSE TO PRAYER FOR RELIEF

43. Denies that plaintiff is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

44. The Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

45. ACM is not a debt collector as that term is defined under the FDCPA.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

46. If it is found that there was any violation of the FDCPA, such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

47. Plaintiff(s) lack standing to maintain the instant action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

48. The Court lacks subject matter jurisdiction over the instant dispute.

**WHEREFORE**, defendant Alternative Claims Management, LLC, demands judgment dismissing the first amended complaint herein with prejudice, awarding costs and reasonable counsel fees, and granting such other and further relief as the court deems just and proper.

Dated:   Hawthorne, New York
         December 1, 2017

                TRAUB LIEBERMAN STRAUS &
                SHREWSBERRY LLP
                *Attorneys for Defendant*
                *Alternative Claims Management LLC*

                _____
                Hillary J. Raimondi, Esq.
                Mid-Westchester Executive Park
                Seven Skyline Drive
                Hawthorne, NY 10532
                (914) 347-2600

TO:   Gabriel Posner, Esq.
      Posner Law PLLC
      270 Madison Ave., Suite 1203
      New York, New York 10016
      *Attorney for Plaintiff*
      (646) 546-5022
      gabe@posnerlawpllc.com